██ In the Matter of JOANN SKRANDEL, Appellant, v RICHARD HAESE, Respondent. [769 NYS2d 645]—

Spain, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered April 28, 2003, which, inter alia,

granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

The parties are the parents of a child born in January 2002. The child resides with petitioner, who provides her basic needs, day care, medical care and health insurance coverage. Petitioner filed a petition in Family Court seeking a child support order, alleging that respondent's annual wages were $35,000. At the initial appearance, a temporary order was entered directing respondent to pay a total of $191 per week. At the fact-finding hearing, petitioner submitted documentation of her financial status, including a sworn statement of net worth on the form provided by Family Court, an earnings statement from her employer and copies of her most recent income tax returns. Respondent testified but presented no financial disclosure papers of any kind. Thereafter, based on a calculation that respondent's gross income for child support purposes was $527.76 weekly or $29,716.96 per year, the Support Magistrate issued an order directing respondent to pay a total of $166 per week in child support including a percentage of child care and health care coverage expenses and a basic child support obligation of $89 per week. Petitioner filed objections to that order, which Family Court summarily denied, prompting petitioner's appeal in which she contends that respondent's income is higher and that disclosure should have been compelled.

We find merit in petitioner's assertion that the Support Magistrate was required to request and consider financial disclosure documents from respondent. Family Ct Act § 424-a unambiguously provides that "in all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states . . . and such disclosure may not be waived by either party or by the court" (Family Ct Act § 424-a [a]). Among other things, parties in support proceedings are statutorily required to produce, in some kind of written form, a sworn statement of their net worth "no later than ten days after the return date of the petition" (Family Ct Act § 424-a [a]). While petitioner submitted some of the required financial information, respondent did not. Although this Court has on occasion approved orders of support in the absence of the statutorily mandated complete disclosure by both parties, this has generally occurred only when there was ample reliable information elsewhere in the record (*see e.g. Matter of Spoor v Spoor,* 276 AD2d 887, 888 [2000]). By contrast, the only information in this record regarding respondent's income is his vague hearing testimony in which he admitted that he expected his wages for

the 12 months leading up to the hearing to be $35,000, an amount which *exceeded* the Support Magistrate's finding.

We reject respondent's assertions that it was within the Support Magistrate's discretion not to require written financial disclosure, as Family Ct Act § 424-a (a) clearly compels that such disclosure be ordered. While "[a Support Magistrate] is afforded considerable discretion in determining whether to impute income to a parent" when making decisions regarding child support obligations (*Matter of Hurd v Hurd,* 303 AD2d 928, 928 [2003]; *see* Family Ct Act § 413 [1] [b] [5]; *Matter of Klein v Klein,* 251 AD2d 733, 735 [1998]; *Matter of Bosshold v Bryant-Bosshold,* 243 AD2d 857, 858 [1997]), here, the Support Magistrate did not do so. Also, petitioner's failure to object to respondent's lack of proper financial disclosures at the time of the hearing did not constitute a waiver of this requirement which, by statute, is expressly not waivable by either party or the court (*see id.*).

Finally, where a Support Magistrate finds that a respondent has failed "without good cause" to comply with the disclosure mandates of Family Ct Act § 424-a (a), it can—either on its own motion or on application—"grant the relief demanded in the petition" or issue a preclusion order against respondent (Family Ct Act § 424-a [b]). No such finding was made here.

Accordingly, this matter should be remitted to Family Court for a new fact-finding hearing, in advance of which both parties shall provide current financial disclosure information as required in Family Ct Act § 424-a (a). Additionally, the Support Magistrate shall make specific findings regarding the amount of the noncovered medical expenses incurred by petitioner on behalf of the child since the filing of the petition.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.