■ In the Matter of JEAN C. MAHONEY, Appellant, v WILLIAM C. GOGGINS, Respondent. [807 NYS2d 125]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Blass, J.), dated April 19, 2005, which denied her objections to an order of the same court (Buetow, S.M.) dated February 15, 2005, which, after a hearing, dismissed her petition for upward modification of the father's child support obligation.

Ordered that the order is affirmed, with costs.

The parties were divorced by judgment dated December 9, 1996. A stipulation governing applications for modification of child support was incorporated, but not merged, into the judgment. In a prior appeal, this Court determined that the stipulation contained an ambiguity with regard to "whether periodic petitions for modification would each be resolved by de novo review of the respondent father's income, or whether the respondent's income would be considered solely in regard to the first application, after which the petitioner would be required to show extraordinary circumstances in order to obtain an increase in support payments" (Matter of Mahoney v Goggins, 12 AD3d 447, 448 [2004]). Accordingly, this Court remitted the matter to the Family Court, Suffolk County, for an evidentiary hearing to resolve this ambiguity and for a new determination (id.).

Consistent with this Court's decision and order, a hearing was

held. Upon the basis of the evidence adduced at the hearing, the Support Magistrate determined that the petitioner was not entitled to a de novo review every three years and, in effect, found that she would be required to show extraordinary circumstances in order to obtain an increase in support payments. The Support Magistrate further determined that the petitioner did not allege any change in circumstances and thus dismissed her petition for upward modification of child support. Thereafter, the Family Court denied the petitioner's objections to the Support Magistrate's order.

Contrary to the petitioner's contention, the Family Court properly denied her objections to the Support Magistrate's order. At the hearing, both parties presented evidence regarding the subject stipulation governing applications for modification of child support. In reviewing a determination made by the Family Court, great deference should be given to the determination of the Support Magistrate, who was in the best position to hear and evaluate the evidence as well as the credibility of the witnesses (*see Matter of Penninipede v Penninipede,* 6 AD3d 445, 446 [2004]; *Matter of Jackson v Shuler,* 292 AD2d 529, 530 [2002]). Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.