In the Matter of JEAN STRELLA, Appellant, v ALBERT J. FERRO, Respondent. [841 NYS2d 118]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an amended order of the Family Court, Orange County (Bivona, J.), entered August 23, 2006, as sustained in part the father's objections to an order of the same court (J. Patsalos, S.M.), entered April 24, 2006, inter alia, granting her petition for an upward modification of child support and directing the father to pay child support in the sum of $300 per week, and reduced the father's child support obligation to the sum of $440 per month.

Ordered that the amended order is reversed insofar as ap-

pealed from, on the law, without costs or disbursements, and the father's objections to the order of the Support Magistrate entered April 24, 2006, are denied in their entirety.

"Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (*Matter of Musarra v Musarra,* 28 AD3d 668, 669 [2006]; *see Matter of Mahoney v Goggins,* 24 AD3d 668 [2005]). The Support Magistrate properly determined that the father failed to use his best efforts to obtain employment commensurate with his qualifications and experience (*see Hodges v Hodges,* 35 AD3d 370, 370-371 [2006]; *Curran v Curran,* 2 AD3d 391, 392 [2003]). At the hearing, the father testified that he had a bachelor of science degree and a master's degree in education. He was also licensed in real estate and insurance. He had previously been a high school teacher and worked in real estate. He also operated an insurance business from 1986 to 1996. In 1996, the last year that he was involved with running his business, he earned an income of $101,000. After selling his interest in the business, he started a consulting business which met with little success. Despite this turn of events, he stated that he applied for only 6 positions in 2003, 12 to 18 positions in 2004, and fewer than 10 positions in 2005 through the beginning of 2006. He claimed that he had applied for other positions by on-line job applications but he was unable to produce any documentation due to his "computer crashing." However, he admitted that he had not been "extensively" looking for work before the mother commenced this proceeding for an upward modification of child support. Moreover, he began his position selling steel components only three days prior to the hearing, earning only $500 per week, with no possibility of increased earnings through sales commissions.

The record supports the Support Magistrate's finding that the father's account of his finances was not credible. The court may properly find a true or potential income higher than that claimed where the party's account of his or her finances is not credible (*see DeVries v DeVries,* 35 AD3d 794, 795 [2006]; *Peri v Peri,* 2 AD3d 425, 426 [2003]). Here, the father's claimed annual household expenses were approximately double his claimed annual income in 2004 and 2005. Additionally, his financial data did not indicate that he used money from his savings or that he incurred greater debt to pay the remaining amount of his annual expenses not covered by his average annual income. During the relevant period, he did not liquidate any of his investments, he had no outstanding balance on his home equity line

of credit, and his credit card statements showed no unpaid balances of a size and nature to correspond to his household expenses.

In light of these findings that were fully supported by the record, the Support Magistrate properly determined to impute income to the father for the purpose of calculating his child support obligation. In determining a party's child support obligation, the court "need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Matter of Westenberger v Westenberger,* 23 AD3d 571, 571 [2005]; *see Spreitzer v Spreitzer,* 40 AD3d 840 [2007]; *Matter of Apgar v Apgar,* 37 AD3d 598, 599 [2007]; *Bernstein v Bernstein,* 18 AD3d 683, 684 [2005]). In this regard, the Support Magistrate properly imputed an annual income to the father based upon the evidence at the hearing that he could earn approximately $96,000 a year because of his education and his professional license in real estate, testimony regarding his previous earnings, and the testimony of an expert regarding the father's ability to earn an income (*see Chi-Yuan Hwang v Hwang,* 308 AD2d 560, 561 [2003]; *Walker v Walker,* 289 AD2d 225, 226 [2001]).

The Support Magistrate's determination of the amount of basic child support was proper. Since the actual combined parental income exceeded $80,000, the Support Magistrate, in her discretion, could apply either the statutory percentage, in this case at least 25% for two children, or the factors set forth in Family Court Act § 413 (1) (f), or both, to the parental income in excess of $80,000 (*see Matter of Cassano v Cassano,* 85 NY2d 649, 653 [1995]; *Matter of Lachman v LeJemtel,* 19 AD3d 421 [2005]). Furthermore, the Support Magistrate fully articulated her reasoning in the application of the factors based upon the evidence adduced at the hearing.

Consequently, the Family Court should have denied the father's objections to the Support Magistrate's order in their entirety. Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.