In the Matter of LAURA C. PENNINO, Appellant, v DAVID M. LIPSKY, Respondent. [854 NYS2d 407]—

Contrary to the mother's contention, the Support Magistrate properly credited the father for child support payments made to the mother on the basis of two checks, in the amounts of $10,000 and $11,000, respectively. "Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (*Matter of Strella v Ferro*, 42 AD3d 544, 545 [2007]). As the record supports the determination, the Family Court properly denied the mother's objection on this basis (*see*

*Matter of Strella v Ferro*, 42 AD3d at 545; *Matter of Kahl-Lapine v Lapine*, 35 AD3d 611, 612 [2006]; *Matter of Mahoney v Goggins*, 24 AD3d 668, 669 [2005]; *Matter of Penninipede v Penninipede*, 6 AD3d 445, 446-447 [2004]; *Matter of Saren v Palma*, 3 AD3d 572 [2004]).

The Family Court also properly denied the mother's objections with respect to the Support Magistrate's determination as to her child support obligation. In light of the mother's admission as to her annual expenses, the Support Magistrate properly imputed to her an annual income of $172,800 (*see Matter of Strella v Ferro*, 42 AD3d at 545; *DeVries v DeVries*, 35 AD3d 794, 795 [2006]; *Peri v Peri*, 2 AD3d 425, 426 [2003]; *Gleicher v Gleicher*, 303 AD2d 549, 550 [2003]). Since the combined parental income exceeded $80,000, the Support Magistrate, in the exercise of his discretion, could apply either the statutory percentage or the factors set forth in Family Court Act § 413 (1) (f), or both, to the parental income in excess of $80,000 (*see* Family Ct Act § 413 [1] [c] [3]; *Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Strella v Ferro*, 42 AD3d at 546). Under the circumstances presented here, the Family Court correctly concluded that the Support Magistrate providently exercised his discretion in computing child support by applying the statutory percentage to the combined parental income over $80,000 (*see Matter of Strella v Ferro*, 42 AD3d at 546; *Matter of Lachman v LeJemtel*, 19 AD3d 421, 421-422 [2005]; *Matter of Lava v Damianou*, 10 AD3d 420, 421 [2004]; *Bains v Bains*, 308 AD2d 557, 559 [2003]; *Zaremba v Zaremba*, 237 AD2d 351, 352-353 [1997]) and sufficiently set forth his reasons for doing so (*see Matter of Strella v Ferro*, 42 AD3d at 546). Mastro, J.P., Rivera, Spolzino and Dickerson, JJ., concur.