■ In the Matter of MALGORZATA JULIANSKA, Respondent, v JAROSLAW MAJEWSKI, Appellant. (Proceeding No. 1.) In the Matter of JAROSLAW MAJEWSKI, Appellant, v MALGORZATA JULIANSKA, Respondent. (Proceeding No. 2.) [911 NYS2d 655]—

In two related child support proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (Krauss, J.), dated August 28, 2009, which denied his objection to findings of fact of the same court (Mayeri, S.M.), dated June 11, 2009, made after a hearing, finding that he willfully violated the support provisions of an order of the same court (Mayeri, S.M.), dated August 15, 2007, which, upon his failure to appear, directed him to pay child support in the sum of $669 per month, and (2) so much of an order of the same court (Beckoff, J.), dated December 22, 2009, as denied his objections to so much of an order of the same court (Mayeri,

S.M.), dated August 28, 2009, as, after a hearing, directed him to pay child support in the sum of $100 per month and denied that branch of his petition which was to reduce his child support arrears to a maximum sum of $500.

Ordered that the order dated August 28, 2009 is reversed, on the law, without costs or disbursements, the father's objection is granted, and the order dated June 11, 2009, finding that the father willfully violated the August 15, 2007, order, is vacated; and it is further,

Ordered that the order dated December 22, 2009, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court erred in finding that the father willfully violated the August 15, 2007, order, which, upon his failure to appear, directed him to pay child support in the sum of $669 per month. The father demonstrated that his nonpayment was the result of his financial inability to comply with the order (*see* Family Ct Act § 455 [5]; *Matter of Beck v Beck*, 228 AD2d 672, 673 [1996]).

The Family Court reasonably found that the father has the ability to pay child support in the sum of $100 per month and properly denied that branch of his petition which was to reduce his child support arrears to a maximum sum of $500 (*see* Family Ct Act § 413). A Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent (*see Matter of Kennedy v Ventimiglia*, 73 AD3d 1066 [2010]). Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (*see Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). The findings regarding the father's income were based on credibility determinations and are supported by the record. Accordingly, they should not be disturbed (*see Matter of Kennedy v Ventimiglia*, 73 AD3d at 1066). Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.