In the Matter of ALISON J. ROHME, Respondent, v JAMES M. BURNS, Appellant. [939 NYS2d 532]—

The parties have one child together. On August 11, 2009, the mother filed a petition seeking, inter alia, child support. At a hearing, the mother testified that she is an attorney who earned $56,895 in 2008, primarily from real estate closings. The father testified that he had a degree in electrical engineering from Princeton University, and an MBA from New York University Business School. The father owns an investment company which "held the rights to a regression analysis software for Japanese derivatives securities." The father testified that he made only $26,000 in 2009 as a real estate broker.

In an order dated March 9, 2010, the Family Court denied the father's objections to an order dated January 13, 2010, issued by a support magistrate, which imputed to the father income of $100,000 per year and found him responsible for 60% of the subject child's support, unreimbursed medical expenses, and private school tuition. The father appealed to this Court. In a decision and order dated December 7, 2010, this Court reversed the order dated March 9, 2010, and remitted the matter to the Family Court, Suffolk County, "for a new determination of the father's objections following a report from the Support Magistrate on the issues of the specific sources of income imputed to the father, the actual dollar amounts assigned to each category,

and the resultant calculations pursuant to Family Court Act § 413 (1) (c)" (*Matter of Rohme v Burns*, 79 AD3d 756, 756-757 [2010]).

Upon remittitur, the Support Magistrate set forth supplemental findings of fact in a report which, inter alia, imputed $100,000 of income to the father based upon certain expenses and found him responsible for 60% of the subject child's support, unreimbursed medical expenses, and private school tuition. In an order dated April, 12, 2011, upon the supplemental findings of fact, the Family Court denied the father's objections to the order dated January 13, 2010. The father appeals, and we affirm.

A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Brown v Brown*, 239 AD2d 535 [1997]). The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives (*see Matter of LoCasto v Chiofolo*, 89 AD3d 847, 848 [2011]; *Matter of Collins v Collins*, 241 AD2d 725, 727 [1997]). A Support Magistrate may properly impute income in calculating a support obligation where he or she finds that a party's account of his or her finances is not credible or is suspect (*see Matter of Sena v Sena*, 65 AD3d 1244, 1244-1245 [2009]; *Matter of Barnett v Ruotolo*, 49 AD3d 640 [2008]).

Pursuant to Family Court Act § 413 (1) (b) (5) (iv), the Family Court is entitled to impute income to a parent based upon various factors, including: "non-income producing assets," "automobiles or other perquisites that are provided as part of compensation for employment," "fringe benefits provided as part of compensation for employment," and "money, goods, or services provided by relatives and friends" (Family Ct Act § 413 [1] [b] [5] [iv]). The record supports the Support Magistrate's determination that the father's testimony about his income was vague and contradictory. Moreover, the Family Court properly determined that the father has access to, and receives, financial support from his family. Considering, among other things, the father's educational background, his lack of credibility, his monthly expenses, and the resources available to him, the Family Court providently exercised its discretion in imputing income to the father in the sum of $100,000 per year for the purpose of calculating his child support and child care obligations (*see Matter of Sena v Sena*, 65 AD3d at 1245; *Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]).

Based upon, inter alia, the father's imputed income and the

mother's established income, the Family Court properly calculated that the father was responsible for 60% of the subject child's support, unreimbursed medical expenses, and private school tuition (*see* Family Ct Act § 413 [1] [c]). Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.