■ In the Matter of Sheron Malcolm, Respondent, v Joseph Trupiano, Appellant. [943 NYS2d 265]—

McCarthy, J. Appeal from an order of the Family Court of Greene County (Pulver Jr., J.), entered June 22, 2011, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior child support order.

The parties are the parents of one child (born in 2001). By order entered in January 2011 and corrected in February 2011, Family Court found that respondent's pro rata share of child support, including health insurance premiums, was $813.30. The court then determined that this amount would be unjust or inappropriate due to petitioner's receipt, as representative payee, of $1,008 monthly from the Social Security Administration (hereinafter SSA) on behalf of the child as a result of respondent's entitlement to Social Security retirement benefits (*see* Family Ct Act § 413 [1] [f]). The court set respondent's support obligation at $540.15 per month. At the end of January 2011, petitioner commenced this proceeding seeking to modify the newly-issued order, alleging that respondent had contacted the SSA requesting that he be named the child's representative payee, the SSA made the change, and the child's Social Security check had been redirected to respondent.

Following two appearances at which no sworn testimony was taken and no documents were received into evidence, the Sup-

port Magistrate granted petitioner's application, set respondent's child support obligation at $1,300 per month and continued all other provisions of the prior order. Family Court denied respondent's objections, prompting him to appeal.

Family Court was not required to dismiss the petition based upon petitioner's failure to file a supporting affidavit. Because the language of Family Ct Act § 451 (1) is "permissive rather than preemptory," the court has "discretion to determine whether to proceed with a hearing on an application to modify an order of support" (*Matter of Morgan v Wright*, 199 AD2d 931, 932 [1993]). Nevertheless, reversal is required on other grounds.

In all support proceedings, including modification proceedings, "there shall be compulsory disclosure by both parties of their respective financial states" (Family Ct Act § 424-a [a]). While dismissal of the petition is not required if a petitioner fails to file mandated financial disclosure documents, "the court may on its own motion or upon application of any party adjourn such proceeding until such time as the petitioner files with the court such statements and tax returns" (Family Ct Act § 424-a [c]). Although respondent did not seek such an adjournment, Family Court should have imposed one. The record does not indicate that disclosure of any of the statutorily required financial information occurred.* As no documents were admitted and no testimony was taken—indeed no actual hearing occurred—the record lacked any reliable information upon which the court could base its determination (*see Matter of Skrandel v Haese*, 2 AD3d 1188, 1189 [2003]). Additionally, the court did not calculate respondent's child support obligation in conformity with the requirements of the Child Support Standards Act (*see* Family Ct Act § 413). Accordingly, we reverse and remit to Family Court for further proceedings on the petition.

Rose, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court's decision.

---

\* The Support Magistrate presumably relied on the financial information supplied in conjunction with the prior petition, which had been resolved shortly before the commencement of this proceeding. But the financial disclosure requirement is not waivable by the parties or the court (*see Matter of Skrandel v Haese*, 2 AD3d 1188, 1189 [2003]). Relying on recent information is important especially where, as here, a party alleges that the financial circumstances have changed.