■ In the Matter of HAROL MATA, Respondent, v CONTESSA L. NEBESNIK, Appellant. (And Another Related Proceeding.) [968 NYS2d 239]—

Egan Jr., J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered July 26, 2012, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior child support order.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one daughter (born in 2005). Pursuant to a November 2007 order of support, the father was required to pay $275 per month in child support and to provide health insurance for the child through his employment. The parties thereafter commenced competing modification proceedings—with the father seeking a downward modification of his child support obligation based upon his inability to work due to the severe injuries he suffered in a December 2011 automobile accident. Both parties subsequently filed sworn financial disclosure affidavits without the required paycheck stubs and recent income tax returns (*see* Family Ct Act § 424-a [a]). Following an April 2012 hearing, a Support Magistrate granted the father's petition, reducing his child support obligation to $25 per month and ordering that health insurance for the child continue to be provided by the mother's husband. The mother's written objections were denied by Family Court, prompting this appeal.

We affirm. Although Family Court was entitled to deny the father's requested relief based upon his failure to comply with Family Ct Act § 424-a, this Court has approved orders of support in the absence of complete financial disclosure where reliable evidence otherwise has appeared on the face of the record (*see Matter of Spoor v Spoor*, 276 AD2d 887, 888 [2000]). Here, the father's sworn statement of net worth and testimony, the latter of which was subject to examination by the Support Magistrate and cross-examination by the mother, was sufficient to demonstrate the requisite change in circumstances. Accordingly, we do not find that Family Court abused its discretion in granting the requested modification (*compare Matter of Malcolm v Trupiano*, 94 AD3d 1380, 1381 [2012]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 946-947 [2011], *lv denied* 18 NY3d 809 [2012]).

Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.