Order of the Appellate Term of the Supreme Court, First Department, entered on or about July 27, 2012, which affirmed (1) an order of the Civil Court, New York County (Arthur F. Engoron, J.), entered June 8, 2011, which denied respondent’s motion to vacate a default final judgment, entered May 12, 2011, awarding possession to petitioner, (2) an order (same court and Judge), entered September 16, 2011, which, inter alia, denied respondent’s renewed motion to vacate the judgment, and (3) an order (same court and Judge), entered October 17, 2011, which granted petitioner’s motion for an amended warrant of eviction, unanimously affirmed, without costs.
Civil Court properly asserted subject matter jurisdiction over the instant holdover proceeding commenced against respondent, a legal occupant of the subject premises who lived with the now deceased tenant of record.
Civil Court did not improvidently exercise its discretion in denying respondent’s request for an adjournment after he voluntarily discharged his attorney on the day of trial (see e.g.CPLR 321 [c]; Davalos v Davalos, 283 App Div 699 [1st Dept 1954] [discussing section 240 of the Civil Practice Act, the predecessor *432 of CPLR 321], lv denied 283 App Div 783 [1954]). That respondent did not specifically invoke CPLR 321 (c) is of no moment since he argued that an adjournment should have been granted so that he could obtain a new attorney.
Although respondent is correct that he did not default on May 2, 2011, the day of the trial, since he was present and tried to participate, the judgment of possession was not a “default” judgment and possession was properly awarded to petitioner. The deed conveying the subject building to petitioner requires petitioner to offer leases to “residential tenants of the Premises who are in legal occupancy of the Premises as of the date of this Deed.” It does not require petitioner to offer leases to “legal occupants” such as respondent.
While the notices of termination state, “Your occupancy rights are terminated because neither [the tenant of record] nor you executed the lease offered to you by the landlord” (emphasis added), respondent cites no authority for the proposition that petitioner could evict him only if it proved that he had refused to execute a lease that was offered to him. Moreover, the 30-day notices of termination track the language of Real Property Law § 232-a which does not require a landlord to state the precise grounds for eviction (Park Summit Realty Corp. v Frank, 107 Misc 2d 318, 321 [App Term, 1st Dept 1980], affd 84 AD2d 700 [1st Dept 1981], affd 56 NY2d 1025 [1982]).
Contrary to respondent’s claim, the issue of whether the premises are rent-regulated is not dehors the record since it was previously raised. Before the building was conveyed to petitioner, it was not rent-regulated (see 9 NYCRR 2200.2 [f] [6]; 2520.11 [b]). The parties debate whether after the conveyance on October 6, 2005, the building contained fewer than six housing accommodations (see 9 NYCRR 2520.11 [d]). However, the deed states that it will include four residential units and, as respondent stated in his verified answers, the subject apartment consisting of units 7E and 7W¡ is a single, contiguous unit. Since the contiguous units constitute a single housing accommodation, the building has fewer than six housing accommodations and is not subject to rent regulation. Accordingly, there is no right of succession to the tenancy and respondent, a legal occupant who was not the lessee, was a month-to-month tenant whose tenancy was properly terminated.
We have considered respondent’s remaining arguments and find them unavailing. Concur — Tom, J.E, Sweeny, Saxe, Freedman and Clark, JJ. [Prior Case History: 36 Misc 3d 136(A), 2012 NY Slip Op 51366(U).]