■ In the Matter of CAITLIN ABRUZZO, Respondent, v ULYSSES M. JACKSON, Appellant. [27 NYS3d 225]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated April 8, 2015. The order denied the father's objections to so much of an order of that court (Kathryn L. Coward, S.M.) dated February 6, 2015, as, after a hearing, imputed annual income of $62,400 to him and thereupon directed him to pay child support in the sum of $173 per week.

�full

Ordered that the order dated April 8, 2015 is affirmed, without costs or disbursements.

The mother filed a petition for an order directing the father to pay child support. Following a hearing, the Support Magistrate imputed an annual income of $62,400 to the father and directed him to pay child support in the sum of $173 per week. The Support Magistrate arrived at that annual income by extrapolating the father's previous hourly wage, $30 per hour, over a 40-hour work week. The father objected to the Support Magistrate's order on the basis that he was currently unemployed, had "never earned $30 per hour on a 40 hour work week basis," and his income for the current tax year was $18,060. The Family Court denied the father's objections.

When determining a parent's child support obligation, "[a] court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (*Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]). The court may take into account what the parent is " 'capable of earning by honest efforts, given his [or her] education and opportunities' " (*Morille-Hinds v Hinds*, 87 AD3d 526, 528 [2011], quoting *Matter of Bibicoff v Orfanakis*, 48 AD3d 680, 681 [2008]). Courts are afforded considerable discretion in imputing income (*see Morille-Hinds*, 87 AD3d at 528; *Matter of Ambrose v Felice*, 45 AD3d 581, 582-583 [2007]), but the calculation of a parent's earning potential "must have some basis in law and fact" (*Morille-Hinds*, 87 AD3d at 528, quoting *Gezelter v Shoshani*, 283 AD2d 455, 456 [2001]). Here, the record supports the Support Magistrate's determination that the father had been intentionally underemployed (*see Spencer v Spencer*, 298 AD2d 680, 681 [2002]; *cf. Matter of Cordero v Olivera*, 40 AD3d 852, 852-853 [2007]), and that annual income of $62,400 should be imputed to him. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.