■ In the Matter of AMBER NAPOLI, Respondent, v MIRKO KOLLER, Appellant. [34 NYS3d 488]—

Appeal from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated May 14, 2015. The order denied the father's objections to an order of that court (Jeanne M. Patsalos, S.M.), dated February 18, 2015, which, after a hearing, imputed income to him in the amount of $46,609.68 for the purpose of calculating his child support obligation.

Ordered that the order dated May 14, 2015, is affirmed, with costs.

A support magistrate need not rely upon a party's account of his or her own finances, but may impute income based upon the party's past income or demonstrated earning potential (*see Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *Matter of Strella v Ferro*, 42 AD3d 544, 546 [2007]). The support magistrate may impute income to a party based on his or her employment history, future earning capacity, educational background, or "money, goods, or services provided by relatives and friends" (Family Ct Act § 413 [1] [b] [5] [iv]; *see Matter of Funaro v Kudrick*, 128 AD3d 695 [2015]; *Baumgardner v Baumgardner*, 98 AD3d 929, 930-931 [2012]). A support magistrate "is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]), and we accord deference to a support magistrate's credibility determinations (*see Matter of Kameneva v Hughes*, 138 AD3d 854 [2016]; *Matter of Rubenstein v Rubenstein*, 114 AD3d 798 [2014]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946 [2011]).

Here, the Support Magistrate properly imputed income to the father based upon his prior income, his training, his choice to pursue only part-time employment, and his current living arrangement, in which he did not pay rent (*see* Family Ct Act § 413 [1] [b] [5] [iv]; *see Matter of Funaro v Kudrick*, 128 AD3d 695 [2015]; *Matter of Rohme v Burns*, 92 AD3d at 947; *Matter of Strella v Ferro*, 42 AD3d at 546). The father's remaining contention is without merit. Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's findings. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.