■ In the Matter of Edwin Scheppy, Respondent, v Erin Kelly-Scheppy, Appellant. [42 NYS3d 842]—

Appeal by the mother from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated December 2, 2015. The order denied the mother's objections to an order of that court (Aletha Fields, S.M.) dated September 17, 2015, which, after a hearing, directed her to pay child support in the sum of $139 per week in addition to $4,031 in retroactive support.

Ordered that the order dated December 2, 2015, is affirmed, without costs or disbursements.

A support magistrate need not rely upon a party's account of his or her own finances, but may impute income based upon the party's past income or demonstrated earning potential (*see Matter of Napoli v Koller*, 140 AD3d 1070, 1071 [2016]; *Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *Matter of Strella v Ferro*, 42 AD3d 544, 546 [2007]). A support magistrate may impute income to a party based on his or her employment history, future earning capacity, educational background, or "non-income-producing assets" (Family Ct Act § 413 [1] [b] [5] [iv]; *see Matter of Funaro v Kudrick*, 128 AD3d 695 [2015]; *Baumgardner v Baumgardner*, 98 AD3d 929, 930-931 [2012]). A support magistrate "is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]), and we accord deference to a support magistrate's credibility determinations (*see Matter of Kameneva v Hughes*, 138 AD3d 854 [2016]; *Matter of Rubenstein v Rubenstein*, 114 AD3d 798 [2014]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946 [2011]).

Here, the Support Magistrate properly imputed income to

the mother based upon her prior and current income, and her savings account assets (*see* Family Ct Act § 413 [1] [b] [5] [iv]; *Napoli v Koller*, 140 AD3d at 1071; *Matter of Strella v Ferro*, 42 AD3d at 546). In assessing the mother's credibility, the Support Magistrate properly considered the fact that the mother's stated monthly expenses were more than three times greater than her stated monthly income, and she did not submit any evidence to show that these monthly expenses were not being paid in a timely manner (*see Samimi v Samimi*, 134 AD3d 1010, 1012 [2015]; *Matter of Barnett v Ruotolo*, 49 AD3d 640, 641 [2008]; *Matter of Strella v Ferro*, 42 AD3d at 546).

Accordingly, the Family Court properly denied the mother's objections to the Support Magistrate's findings. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.