◼ In the Matter of Liling Gao, Respondent, v Ming Min Fan, Appellant. [48 NYS3d 771]—

Appeal by the father from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated May 24, 2016. The order denied the father's objections to an order of that court (Michael J. Fondacaro, S.M.) dated April 6, 2016, which, after a hearing, directed him to pay child support in the sum of $888 per month.

Ordered that the order dated May 24, 2016, is affirmed, without costs or disbursements.

The parties have one child together. In December 2014, the mother filed a petition for child support. Following a hearing, the Support Magistrate imputed an annual income of $70,000 to the father for the purpose of calculating his child support obligation. In an order dated April 6, 2016, the Support Magistrate directed the father to pay child support in the sum of $888 per month based upon the imputed income. In the order

appealed from, dated May 24, 2016, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals, and we affirm.

"When determining a parent's child support obligation, '[a] court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings' " (*Matter of Abruzzo v Jackson*, 137 AD3d 1017, 1018 [2016], quoting *Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *see Curran v Curran*, 2 AD3d 391, 392 [2003]). "A support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and we accord deference to a support magistrate's credibility determinations" (*Matter of Napoli v Koller*, 140 AD3d 1070, 1071 [2016] [internal quotation marks and citation omitted]).

Here, the Support Magistrate properly imputed income to the father based upon his prior employment income and rental income. The record supports the Support Magistrate's determination that the father reduced his income in order to reduce his child support obligation, and that an annual income of $70,000 should be imputed to him (*see* Family Ct Act § 413 [1] [b] [5] [iv], [v]; *Matter of Abruzzo v Jackson*, 137 AD3d at 1018; *Curran v Curran*, 2 AD3d at 392). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.