In the Matter of TRACY DECILLIS, Appellant, v THOMAS DECILLIS, Respondent. [58 NYS3d 126]—

Appeal by the mother from an order of the Family Court, Suffolk County (Kathryn L. Coward, S.M.), dated February 22, 2016. The order, insofar as appealed from, after a hearing, (1) directed the father to pay the sum of only $404 in biweekly child support for the parties' child based on, inter alia, income that was imputed to the mother and a credit awarded to the father in the sum of $168, to be applied biweekly, for expenses associated with visitation, and (2) denied those branches of the petition which sought to direct the father to contribute to the costs of private school tuition and expenses and extracurricular activities.

Ordered that the order is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the father a credit against his child support obligation in the sum of $168, to be applied biweekly, for expenses associated with visitation, and substituting therefor a provision awarding the father a credit against his child support obligation in the sum of $33, to be applied biweekly, for expenses associated with visitation, and (2) by deleting the provision thereof directing the father to pay the sum of $404 in biweekly child support for the subject child, and substituting therefor a provision requiring him to pay the sum of $539 in

biweekly child support; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of one child, born in 2003. In June 2015, the mother filed a petition for child support. After a hearing, the Support Magistrate determined that the father's basic child support obligation would be $572 biweekly. In making that determination, the Support Magistrate imputed annual income of $43,000 to the mother for the purpose of calculating the father's child support obligation. The Support Magistrate then awarded the father a biweekly credit against this child support obligation in the sum of $168 to compensate him for the "extraordinary" expenses associated with visitation, and directed him to pay child support in the sum of $404 biweekly. The mother appeals, and we modify.

"When determining a parent's child support obligation, '[a] court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (*Matter of Abruzzo v Jackson*, 137 AD3d 1017, 1018 [2016], quoting *Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *see Matter of Liling Gao v Ming Min Fan*, 148 AD3d 897, 898 [2017]; *Matter of Napoli v Koller*, 140 AD3d 1070, 1071 [2016]; *Matter of Gebaide v McGoldrick*, 74 AD3d 966, 967 [2010]). A support magistrate "is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]), and "we accord deference to a support magistrate's credibility determinations" (*Matter of Napoli v Koller*, 140 AD3d at 1071; *see Matter of Kameneva v Hughes*, 138 AD3d 854, 855 [2016]; *Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 947 [2011]).

Here, the Support Magistrate properly imputed income to the mother based upon her prior income, her choice to engage in only part-time employment, and her current living arrangement, in which she did not pay rent or related housing expenses (*see* Family Ct Act § 413 [1] [b] [5] [iv], [v]; *Matter of Liling Gao v Ming Min Fan*, 148 AD3d at 898; *Matter of Napoli v Koller*, 140 AD3d at 1071; *Matter of Rohme v Burns*, 92 AD3d at 947; *Matter of Strella v Ferro*, 42 AD3d 544, 546 [2007]; *cf. Matter of Rubenstein v Rubenstein*, 114 AD3d at 799). Inasmuch as the Support Magistrate's decision to impute $43,000 in annual income to the mother is supported by the record, it should not be disturbed (*see Matter of Kameneva v Hughes*, 138 AD3d at 855; *Matter of Lorys v Powell*, 116 AD3d 1047, 1048 [2014]).

However, the Support Magistrate improvidently exercised its

discretion in awarding the father a credit against his child support obligation in the sum of $168, to be applied biweekly, for "extraordinary" expenses associated with visitation, which included the sum of $67 for travel expenses. Pursuant to Family Court Act § 413 (1) (f), the court must direct the noncustodial parent to pay his or her pro rata share of the basic child support obligation unless it finds that the pro rata share is "unjust or inappropriate" (Family Ct Act § 413 [1] [f]), based upon consideration of factors such as "extraordinary expenses incurred by the non-custodial parent in exercising visitation" (Family Ct Act § 413 [1] [f] [9] [i]; see Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; Matter of Carlino v Carlino, 277 AD2d 897, 898 [2000]). Here, the record does not support the conclusion that the father's presumptive pro rata share was "unjust or inappropriate" so as to warrant a credit against his child support obligation for the cost of meals and entertainment during visitation (Family Ct Act § 413 [1] [f]; see Matter of Mitchell v Mitchell, 134 AD3d 1213, 1215 [2015]; Matter of Ryan v Ryan, 110 AD3d 1176, 1180-1181 [2013]; Matter of Pandozy v Gaudette, 192 AD2d 779 [1993]). Furthermore, although the Support Magistrate improvidently exercised its discretion to the extent that it awarded the father a biweekly credit in the sum of $67 against his child support obligation for extraordinary travel expenses incurred in exercising his visitation, we nevertheless conclude that the record supports the award of a credit in the sum of $33 for such expenses (see generally Matter of Yarinsky v Yarinsky, 36 AD3d 1135, 1139 [2007]). Accordingly, the mother is entitled to an award of child support in the total biweekly sum of $539.

The Support Magistrate did not improvidently exercise its discretion in denying that branch of the petition which sought to direct the father to contribute to the costs of private school tuition and expenses. The record showed, inter alia, that the child attended public school while living in Suffolk County, and the parties never agreed to share in the costs of private school. There is also no specific testimony in the record as to any particular scholastic needs of the child that would justify such an award. Under these circumstances, the Support Magistrate did not err in denying so much of the mother's petition as sought contributions for private school tuition and expenses (see Zwickel v Szajer, 47 AD3d 1157, 1158 [2008]; cf. Corkery v Corkery, 142 AD3d 576, 577-578 [2016]).

Finally, the Support Magistrate did not err in denying that branch of the mother's petition which sought to direct the father to contribute to the cost of extracurricular activities (see generally Family Ct Act § 413 [1] [c] [7]).

In light of the foregoing, we need not address the father's remaining contention. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.