■ In the Matter of FEIXIA WEI-FISHER, Respondent, v YEHUDA MICHAEL, Appellant. [63 NYS3d 706]—

Appeal by the father from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated August 19, 2016. The order denied the father's objections to an order of that court (Rachelle C. Kaufman, S.M.), dated June 3, 2016, which, after a hearing, directed him to pay specified sums in child support.

Ordered that the order dated August 19, 2016, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's objections are granted, the order dated June 3, 2016, is vacated, and the matter is remitted to the Family Court, Rockland County, for a new determination of the father's child support obligation following the mother's submission of the required financial disclosure; and it is further,

Ordered that, in the interim, the father shall continue to pay basic child support in the sum of $663 per month.

The parties have one child together, born in October 2009. In 2015, the mother filed a paternity petition and a separate petition seeking child support. An order of filiation was entered declaring the respondent to be the father of the child, and the matter was referred to a Support Magistrate to establish the father's child support obligation. Following a hearing, the Support Magistrate issued an order of support dated June 3, 2016, which directed the father to pay the mother basic monthly child support in the sum of $663, plus a percentage of certain add-on expenses, and the sum of $8,040 in retroactive child support. The father submitted objections to the order. In an order dated August 19, 2016, the Family Court denied the father's objections. The father appeals.

The father's contention that the Support Magistrate improperly imputed income to him is without merit. A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (see Matter of Decillis v Decillis, 152 AD3d 512, 513 [2017]; Matter of Abruzzo v Jackson, 137 AD3d 1017, 1018 [2016]). "The court may impute income to a party based on the party's employment history, future earning capacity, educational background, or money received from friends and relatives" (Matter of Rohme v Burns, 79 AD3d 756, 757 [2010]; see Family Ct Act § 413 [1] [b] [5] [iv]). A Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent, and great deference should be given to the Support Magistrate's credibility determinations (see Matter of Decillis v Decillis, 152 AD3d at 513; Matter of Julianska v Majewski, 78 AD3d 1182, 1183 [2010]). Here, the Support Magistrate properly imputed income to the father based on his future earning capacity and the funds he received from his wife to pay his expenses. There is no basis to reject the Support Magistrate's credibility determination that, contrary to the father's testimony, he had access to his wife's bank accounts which were used to pay the household's expenses.

However, Family Court Act § 424-a (a) requires that parties to child support proceedings submit certain required financial documents, including the party's most recently filed state and federal income tax returns. When a petitioner fails without good cause to file the required documents, "the court may on its own motion or upon application of any party adjourn such proceeding until such time as the petitioner files with the court such statements and tax returns" (Family Ct Act § 424-a [c]). Here, the mother failed without good cause to submit her most recent tax returns. Further, her testimony and the financial documents she did submit did not remedy her failure to make complete financial disclosure, since the mother's financial disclosure affidavit contained inconsistencies, her claimed rental income was unsubstantiated, and her testimony regarding her income and expenses was determined to be incredible (*see Matter of Dailey v Govan*, 136 AD3d 1029, 1031 [2016]; *Matter of Malcolm v Trupiano*, 94 AD3d 1380, 1381 [2012]; *Matter of Skrandel v Haese*, 2 AD3d 1188, 1189-1190 [2003]; *cf. Matter of Mata v Nebesnik*, 107 AD3d 1369, 1370 [2013]). Accordingly, the Support Magistrate improvidently exercised her discretion in failing to adjourn the proceeding until such time as the mother filed the required documents.

The father's remaining contentions are without merit or are not properly before this Court.

Accordingly, we remit the matter to the Family Court, Rockland County, for a new determination of the father's child support obligation following the mother's submission of the required financial disclosure. Mastro, J.P., Roman, Miller and Connolly, JJ., concur.