Matter of Picone v Golio (2019 NY Slip Op 01774)





Matter of Picone v Golio


2019 NY Slip Op 01774


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-08727
 (Docket No. F-00767-17)

[*1]In the Matter of Joseph Picone, respondent,
v
Frank Golio, appellant.


Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for appellant.
Bloom & Bloom, P.C., New Windsor, NY (Peter E. Bloom of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, Frank Golio appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated June 4, 2018. The order denied his objections to an order of the same court (Gladys E. Braxton, S.M.) entered December 15, 2017, which, after a hearing, inter alia, upon imputing an additional $47,600 to his earned income, directed Frank Golio to pay child support in the sum of $1,460 per month.
ORDERED that the order dated June 4, 2018, is affirmed, with costs.
Joseph Picone and Frank Golio were domestic partners. During the course of their relationship, Picone's sister agreed to be impregnated with Golio's sperm and to terminate her parental rights in order for Picone to adopt the child or children. In February 2010, she gave birth to fraternal twins (hereinafter together the children). In early 2014, Picone and Golio separated. Both parties subsequently petitioned for custody or parental access with the children. In 2016, this Court affirmed so much of an order of the Family Court as determined that Picone established standing to seek custody or parental access with the children, and remitted the matter to the Family Court, Orange County, for a full hearing on Picone's petition for custody or parental access (see Matter of Frank G. v Renee P.-F., 142 AD3d 928). On remittitur, the Family Court, after a hearing, awarded custody of the children to Picone. In 2018, this Court affirmed the Family Court's custody determination (see Matter of Renee P.-F. v Frank G., 161 AD3d 1163).
In February 2017, Picone filed a petition seeking an order of support against Golio for the children. After a hearing, the Support Magistrate determined that Golio's annual income was $94,532, which included imputed income of $47,600 and, inter alia, directed Golio to pay child support in the sum of $1,460 per month. Golio filed objections to that determination, which the Family Court denied. Golio appeals.
A support magistrate need not rely upon a party's own account of his or her finances, but may impute income on the basis of the party's past income or demonstrated potential earnings (see Matter of Feliciano v Elghouayel, 164 AD3d 1238, 1239; Matter of Decillis v Decillis, 152 AD3d 512, 513; Matter of Rohme v Burns, 92 AD3d 946, 947). A support magistrate may impute [*2]income based upon the party's employment history, future earning capacity, educational background, or "money, goods, or services provided by relatives and friends" (Family Ct Act § 413[1][b][5][iv]; see Margolis v Cohen, 153 AD3d 1390, 1393; Matter of Napoli v Koller, 140 AD3d 1070, 1071; Matter of Huddleston v Rufrano, 98 AD3d 1046, 1047; Mosso v Mosso, 84 AD3d 757, 758-759). A support magistrate is afforded considerable discretion in determining whether to impute income to a party, and deference should be accorded to a support magistrate's credibility determinations (see Matter of Napoli v Koller, 140 AD3d at 1071; Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 947; Matter of Julianska v Majewski, 78 AD3d 1182, 1183).
Here, contrary to Golio's contentions, the Support Magistrate providently exercised her discretion in imputing an additional $47,600 to Golio's earned income based upon his testimony regarding his access to and receipt of financial support from his fiancé (see Family Ct Act § 413[1] [b][5][iv]; Baumgardner v Baumgardner, 98 AD3d 929, 931; Matter of Rohme v Burns, 92 AD3d at 947). Accordingly, we agree with the Family Court's denial of Golio's objections to the Support Magistrate's determination.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court