Ramdas v Ramdas (2019 NY Slip Op 07428)





Ramdas v Ramdas


2019 NY Slip Op 07428


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-10310
 (Index No. 16032/09)

[*1]Chandra Ramdas, respondent, 
v
Siarie Ramdas, appellant.


Edwin T. Mulhern, Garden City, NY, for appellant.
Erica B. Sakol, Mineola, NY (Matthew A. Weiss of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered August 19, 2016. The judgment of divorce, upon a decision of the same court dated July 21, 2015, made after a nonjury trial, inter alia, directed the defendant to pay child support in the sum of $771.40 per month for the parties' two unemancipated children and awarded the plaintiff an attorney's fee in the sum of $18,000.
ORDERED that the judgment of divorce is affirmed, with costs.
In 2009, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. Following a nonjury trial, the Supreme Court, inter alia, directed the defendant to pay child support in the sum of $771.40 per month for the parties' two unemancipated children and awarded the plaintiff an attorney's fee in the sum of $18,000. The defendant appeals.
We agree with the Supreme Court's determination to deny the defendant's request, made on the first day of trial, for an adjournment to retain new counsel (see Matter of Wiley v Musabyemariya, 118 AD3d 898, 901; Matter of Arc on 4th St. Inc. v Quesada, 112 AD3d 431, 431; Barnaby v Barnaby, 259 AD2d 870, 871).
Moreover, the record supports the Supreme Court's imputation of income to the defendant. In determining a parent's child support obligation, a court need not rely upon the parent's own account of his or her finances, but may impute income based upon the parent's past income or demonstrated earning potential (see Matter of Wiessbach v Weissbach, 169 AD3d 702, 703; Matter of Rohme v Burns, 92 AD3d 946, 947; DeSouza-Brown v Brown, 71 AD3d 946, 947; Rosenberg v Rosenberg, 44 AD3d 1022, 1025; Matter of Strella v Ferro, 42 AD3d 544, 546). The court may impute income based on the parent's employment history, future earning capacity, educational background, or money received from friends and relatives (see Matter of Rohme v Burns, 92 AD3d at 947; Matter of Bouie v Joseph, 91 AD3d 641, 642). Here, the court's imputation of income was supported by the evidence presented, including, inter alia, the defendant's educational background and experience.
Upon considering the equities and circumstances of this case, we agree with the Supreme Court's determination awarding the plaintiff an attorney's fee in the sum of $18,000 (see Domestic Relations Law § 237[a]; O'Shea v O'Shea, 93 NY2d 187, 193-194; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881-882).
The defendant's remaining contentions are without merit.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court