Matter of Padilla v Northington (2022 NY Slip Op 03242)

Matter of Padilla v Northington

2022 NY Slip Op 03242

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-04227
 (Docket No. F-16908-19/19A)

[*1]In the Matter of Angela Padilla, respondent,
v
Rasheem Northington, appellant.

Law Office of Wendy Tso, P.C., New York, NY, for appellant.
Angela Padilla, Brooklyn, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Kathleen C. Waterman, J.), dated April 9, 2021. The order denied the father's objections to so much of an order of the same court (Rosa M. Astuto, S.M.) dated December 18, 2020, as, after a hearing, granted the mother's petition to modify the child support provision of a judgment of divorce dated November 30, 2015, so as to increase the father's child support obligation.
ORDERED that the order dated April 9, 2021, is affirmed, without costs or disbursements.
The parties, who were divorced by judgment dated November 30, 2015, have two children together. On June 19, 2019, the mother filed a petition to modify the child support provision of the judgment of divorce so as to increase the father's child support obligation. After a hearing, a Support Magistrate granted the mother's petition. The father filed objections to the Support Magistrate's order, which were denied by the Family Court in an order dated April 9, 2021. The father appeals. We affirm.
In determining child support, a court does not have to rely on a party's own account of his or her finances and may impute income to a party based on the party's past income or demonstrated future potential earnings (see Matter of Ho v Tsesmetzis, 199 AD3d 686, 687). Moreover, since a factfinder's imputation of income is almost always based on a credibility determination, it is entitled to great deference on appeal (see Matter of Funaro v Kudrick, 128 AD3d 695, 696).
Here, the Support Magistrate providently exercised her discretion in imputing income to the father based on his education and experience, and her assessment of his credibility (see Matter of Decillis v Decillis, 152 AD3d 512, 513; Matter of Strella v Ferro, 42 AD3d 544, 545).
The father's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court