Matter of Sinzieri v Kaminsky (2023 NY Slip Op 03794)

Matter of Sinzieri v Kaminsky

2023 NY Slip Op 03794

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-06851
2022-06852
 (Docket No. F-7358-20)

[*1]In the Matter of Rebecca A. Sinzieri, respondent,
v
Simon Kaminsky, appellant.

Law Offices of Barry J. Fisher, P.C., Garden City, NY (Cheryl L. Jakinovich of counsel), for appellant.
The Sklavos Law Group, P.C., Jericho, NY (Alexander E. Sklavos of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Lisa M. Williams, S.M.), dated May 12, 2022, and (2) an order of the same court (Ellen R. Greenberg, J.) dated July 22, 2022. The order dated May 12, 2022, after a hearing, directed the father to pay child support in the sum of $452.95 per week and 85% of the childcare and unreimbursed health-related expenses for the parties' child. The order dated July 22, 2022, denied the father's objections to the order dated May 12, 2022.
ORDERED that the appeal from the order dated May 12, 2022, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 22, 2022; and it is further,
ORDERED that the order dated July 22, 2022, is affirmed, without costs or disbursements.
In December 2020, the mother filed a petition against the father, seeking child support for their one child. The Support Magistrate issued a temporary order of support on January 26, 2021, directing the father to pay the mother $200 per week. In an order dated May 12, 2022, after a hearing, the Support Magistrate directed the father to pay child support in the sum of $452.95 per week and 85% of the childcare and unreimbursed health-related expenses for the child. The father filed objections to the Support Magistrate's order. In an order dated July 22, 2022, the Family Court denied the father's objections. The father appeals.
When determining parental income for the purposes of child support, "[a] support magistrate need not rely upon a party's account of his or her own finances," but may "impute income to a party based on his or her employment history, future earning capacity, educational background, or 'money, goods, or services provided by relatives and friends'" (Matter of Napoli v Koller, 140 AD3d 1070, 1071, quoting Family Ct Act § 413[1][b][5][iv][D]). Generally, "[a] support magistrate 'is afforded considerable discretion in determining whether to impute income to a parent'" (Matter of Decillis v Decillis, 152 AD3d 512, 513, quoting Matter of Julianska v Majewski, 78 AD3d 1182, [*2]1183), and "since a factfinder's imputation of income is almost always based on a credibility determination, it is entitled to great deference on appeal" (Matter of Padilla v Northington, 205 AD3d 915, 915).
Here, the Support Magistrate providently exercised her discretion in imputing income to the mother based on her earning capacity (see Matter of Decillis v Decillis, 152 AD3d at 513). Although the father argues on appeal that the Support Magistrate should have additionally imputed to the mother the earning potential on her liquid assets, that contention is unpreserved for appellate review, as he failed to raise that issue in his objections before the Family Court (see Matter of Heintzman v Heintzman, 157 AD3d 682, 690). Pursuant to Family Court Act § 439(e), a judge of the Family Court must review any objections to a Support Magistrate's final order before an appeal may be taken (see Matter of Giraldo v Fernandez, 199 AD3d 796, 800).
Further, the Support Magistrate providently exercised her discretion in imputing to the father the income of his company's gross profit on its most recent tax return, based on her credibility determinations and the record (see Matter of Glaudin v Glaudin, 213 AD3d 762, 763).
The father's remaining contention is without merit.
Accordingly, the Family Court properly denied the father's objections to the order dated May 12, 2022.
DILLON, J.P., BRATHWAITE NELSON, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court