Matter of Pelcak v Matousek (2024 NY Slip Op 03049)

Matter of Pelcak v Matousek

2024 NY Slip Op 03049

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-04983
 (Docket No. F-1614-07/22K)

[*1]In the Matter of Allan O. Pelcak, Jr., appellant, 
v
Laura J. Matousek, respondent.

J. Douglas Barics, Commack, NY, for appellant.
Laura J. Matousek, Valley Cottage, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Keith J. Cornell, J.), dated December 16, 2022. The order denied the father's objections to so much of an order of the same court (Patricia Brimais-Tenemille, S.M.) dated October 13, 2022, as, after a hearing, and upon findings of fact, also dated October 13, 2022, in effect, denied that branch of the father's petition which was for a downward modification of his child support obligation for the parties' younger child.
ORDERED that the order dated December 16, 2022, is affirmed, without costs or disbursements.
The parties, who had two children together, were divorced by a judgment dated February 21, 2007, which incorporated but did not merge a settlement agreement entered into by the parties. In 2009, the father was incarcerated based upon, inter alia, his conviction for attempted murder of the mother, and he was released in 2021.
In April 2022, the father filed a petition, inter alia, for a downward modification of his child support obligation for the parties' younger child. In an order dated October 13, 2022, made after a hearing, the Support Magistrate, among other things, in effect, denied that branch of the father's petition. Thereafter, the father filed objections to that portion of the order dated October 13, 2022. In an order dated December 16, 2022, the Family Court denied the father's objections. The father appeals.
Here, the Family Court properly found that the father failed to make the requisite showing of a substantial change in circumstances to warrant a downward modification of his child support obligation for the parties' younger child (see Family Ct Act § 451[3][a]; Matter of Camarda v Charlot, 224 AD3d 897, 898). Contrary to the father's contention, the court providently exercised its discretion in imputing an annual income to the father in the sum of $75,000 based upon the parties' settlement agreement and the father's earning capacity prior to his incarceration (see Matter of Sinzieri v Kaminsky, 218 AD3d 592, 593; Matter of Decillis v Decillis, 152 AD3d 512, 513). Also contrary to the father's contention, the court had no discretion to reduce or cancel child support arrears that accrued prior to April 7, 2022, when the father filed his petition, inter alia, for a downward modification of his child support obligation for the parties' younger child (see Matter of [*2]Camarda v Charlot, 224 AD3d at 898; Matter of Gardner v Maddine, 112 AD3d 926, 927).
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court