■ In the Matter of ALYSSA LoCASTO, Respondent, v PETER CHIOFOLO, Appellant. [932 NYS2d 365]—

The mother and the father are the parents of a child born in 2007. In June 2008 the Family Court entered an order directing the father to pay the sum of $50 per month in child support, based in part on the father's status as a full-time student. On May 26, 2010, the mother filed the instant petition for an upward modification of the father's child support obligation on the ground that the father was no longer a full-time student. At the ensuing hearing, the father testified that he earned $18.15 per hour, but only worked 15 hours per week. The Family Court imputed an income of $33,000 per year to the father by applying his hourly earnings rate to a 35-hour work week. In an or-

der dated August 31, 2010, the Family Court granted the mother's petition, and modified the prior support order to direct that the father pay the sum of $25 per week in child support from August 31, 2010, until October 1, 2010, and that he pay the sum of $96 per week thereafter. The father appeals.

The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Nieves-Ford v Gordon*, 47 AD3d 936 [2008]). A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Brown v Brown*, 239 AD2d 535 [1997]). The court may impute income to a party based on their employment history, future earning capacity, educational background, or money received from friends and relatives (*see Matter of Collins v Collins*, 241 AD2d 725, 727 [1997]). Here, the Family Court properly imputed an income to the father based on his employment history, and properly granted the mother's petition for an upward modification of the father's child support obligation on the ground that there had been a substantial change in circumstances (*see Matter of Bibicoff v Orfanakis*, 48 AD3d 680 [2008]).

The father's remaining contention is without merit. Skelos, J.P., Hall, Lott and Roman, JJ., concur.