■ PETER SANDERS, Appellant, v ANN W. SANDERS, Respondent. [54 NYS3d 72]—

Appeals by the plaintiff from two orders of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), both dated March 25, 2015. The first order, insofar as appealed from, denied, after a hearing, that branch of the plaintiff's motion

which was for a downward modification of his child support obligation by imputing income to the defendant for purposes of determining the parties' respective shares of college costs for the parties' child. The second order, insofar as appealed from, denied the plaintiff's motion to reopen a hearing as to the allocation of college costs based on newly discovered evidence.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The parties were divorced in 1998, and they entered into a stipulation of settlement that was incorporated but not merged into the divorce judgment. The stipulation provided that the mother was to have primary residential custody of the parties' only child, with the father to pay child support in amounts set forth therein. The stipulation further provided that both parties were to contribute to the cost of college for the child in proportion to their respective incomes as determined by the Child Support Standards Act guidelines.

In 2012, the child began college. In response to the father's motion for a downward modification of his child support obligation, the Supreme Court issued an order in March 2013 requiring the father to pay 50% of the college costs pending a final determination of the parties' respective shares of college costs, and to pay child support in accordance with the stipulation, pendente lite.

Subsequently, the father cross-moved for a downward modification of his child support obligation, arguing that the child support obligation should be reduced or eliminated based on his payment of his share of the child's college costs. The father further asserted that income should be imputed to the mother for purposes of determining child support and the parties' respective shares of college costs. Additionally, he contended that the child should be declared emancipated.

By orders dated May 5, 2014, and May 15, 2014, respectively, as relevant here, the Supreme Court modified the father's child support obligation only to the extent of reducing that obligation based on college room and board payments made by the father, and directing a hearing only as to the issue of whether income should be imputed to either party, for purposes of determining their pro rata shares of college costs.

The matter was referred to a Judicial Hearing Officer (hereinafter the J.H.O.) for hearing and determination. After a hearing, by order dated March 25, 2015, the J.H.O. denied that branch of the father's motion which was to impute income to the mother for purposes of determining the parties' pro rata shares of college costs.

A court may impute income to a party based on that party's past income or demonstrated earning potential (*see Matter of Napoli v Koller*, 140 AD3d 1070, 1071 [2016]; *Matter of Funaro v Kudrick*, 128 AD3d 695, 696 [2015]; *Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]). Here, the J.H.O. did not improvidently exercise his discretion in finding no basis to impute income to the mother for purposes of allocating college costs, as the mother made thorough financial disclosure to the court, and appeared to be earning income "consistent with her education and opportunities" (*Patete v Rodriguez*, 109 AD3d 595, 600 [2013] [internal quotation marks omitted]).

The J.H.O. did not err in denying that branch of the father's motion which was to reopen the hearing based on newly discovered evidence, as the record did not show that such evidence contained new matters of fact that would have changed the result of the hearing (*cf. Matter of Carroll v Bene*, 246 AD2d 649 [1998]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.