Zappin v Comfort (2017 NY Slip Op 08180)





Zappin v Comfort


2017 NY Slip Op 08180


Decided on November 21, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2017

Acosta, P.J., Tom, Webber, Singh, JJ.


301568/14 -5523 4995 4996

[*1]Anthony Zappin, Plaintiff-Appellant,
v
Claire Comfort, Defendant-Respondent.


Peter C. Lomtevas, Brooklyn, for appellant.
The Wallack Firm, P.C., New York (Robert M. Wallack of counsel), for respondent.
Cohen Rabin Stine Schumann LLP, New York (Harriet Newman Cohen of counsel), attorney for the child.



Judgment of divorce, Supreme Court, New York County (Matthew F. Cooper, J.), entered August 16, 2016, inter alia, incorporating an order, same court and Justice, entered March 1, 2016, which awarded defendant sole physical and legal custody of the parties' child, granted plaintiff supervised visitation, and granted a five-year stay-away order of protection in defendant's favor, and awarding defendant basic child support beginning July 1, 2016, and child support arrears for the period from December 2013 through June 2016, unanimously affirmed, without costs. Appeal from the March 1, 2016 custody and visitation order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court's determination that it was in the child's best interests to award sole custody to defendant has a sound and substantial evidentiary basis (see Matter of Frank M. v Donna W., 44 AD3d 495 [1st Dept 2007]; see also Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]). It was based in part on the court's findings that plaintiff committed acts of domestic violence against defendant, both during her pregnancy with the child and after the child was born, rendering joint custody impossible.
The court saw both parties testify, and there is support in the record for its determination that defendant and the three witnesses she called were credible, whereas plaintiff's testimony regarding the domestic violence incidents was frequently not truthful. Photographs of defendant's injuries taken shortly after the incidents of abuse, as well as defendant's witnesses, corroborated defendant's account. Moreover, plaintiff's conduct and outbursts throughout the trial reinforced the court's conclusions that, unlike defendant, plaintiff was unable to control his emotions.
The evidence that plaintiff had physically and verbally harmed the child's mother, engaged in abusive litigation tactics, and lacked the emotional restraint and personality to look after the child's best interests provides a sound and substantial basis for the court's finding that unsupervised visitation would have "a negative impact on the child's well-being" (Matter of Arelis Carmen S. v Daniel H., 78 AD3d 504, 504 [1st Dept 2010], lv denied 16 NY3d 707 [2011]; Ronald S. v Lucille Diamond S., 45 AD3d 295 [1st Dept 2007]). Plaintiff also made repeated false allegations of abuse to the Administration for Child Services and the police, which rendered supervised visitation appropriate (Matter of James Joseph M. v Rosano R., 32 AD3d 725 [1st Dept 2006], lv denied 7 NY3d 717 [2006]).
The court detailed its reasons for issuing a five-year order of protection, and found that plaintiff committed numerous family offenses, including assault in the third degree (Penal Law § 120.00[1]) and harassment in the second degree (Penal Law § 240.26[1]). A fair preponderance of the evidence supports the determination (see generally Okpe v Okpe, 136 AD3d 511 [1st Dept [*2]2016]). The court was not required to make a finding of "aggravating circumstances" before issuing the order of protection (compare Domestic Relations Law § 252 with Family Court Act § 842).
We have considered plaintiff's remaining challenges to the court's rulings in connection with the custody trial and find them unavailing. In any event, any claimed error would not warrant a different custody determination.
In determining the award of child support, the court properly imputed income to plaintiff based on his income in 2014. Although he presented no direct evidence of it, plaintiff claims that he was terminated from his position at his law firm because of the negative publicity he received after he had been sanctioned during these proceedings in 2015 (Zappin v Comfort, 49 Misc 3d 1201[A], 2015 NY Slip Op 51339[U] [Sup Ct, NY County 2015], affd 146 AD3d 575 [1st Dept 2017]). Even if he was terminated for that reason, the sanctions — and therefore his unemployment — resulted from his own misconduct at trial, not from the court's conduct in sanctioning him or publicly releasing the sanctions order (see Domestic Relations Law § 240[1-b][b][5][v]; Johnson v Chapin, 299 AD2d 294 [1st Dept 2002]). Moreover, plaintiff presented only vague, conclusory testimony regarding his purportedly unsuccessful attempts to find work since he lost that job.
The court properly declined to modify child support to account for plaintiff's cost in paying Comprehensive Family Services to supervise his visits with the child. Plaintiff's need for supervision stemmed from his own previously described conduct, and there is no basis for a conclusion that such an expense is extraordinary in this context or that it renders his child support obligation unjust or inappropriate (see Domestic Relations Law § 240[1-b][f]).
In setting a child support income cap of $250,000, the court cited the parties' incomes in the mid- to high $200,000s and their upper-middle class lifestyle, and thus properly considered the parties' financial resources and the child's standard of living had the marriage not dissolved (Domestic Relations Law § 240[1-b][f]; Bast v Rossoff, 91 NY2d 723, 726-727 [1998]).
The court properly awarded child support arrears retroactive to the date of defendant's application for child support in Washington, D.C., where the parties previously had resided, rather than when she later sought such relief before the New York Supreme Court (Domestic Relations Law § 236[B][7][a]), based on plaintiff's valid waiver of any objection to such an award. During proceedings before the Superior Court of the District of Columbia, when the court discussed the possibility of transferring the case to New York, as the more convenient forum, and the impact on any child support to which defendant was entitled in Washington before the transfer, plaintiff personally agreed to waive "any objection if this case proceeds in New York to an award of child support beginning on the date that [defendant] made the request in D.C." Contrary to plaintiff's contention, the mere fact that proceedings in Washington, D.C., were stayed in the event that not all child support issues were resolved in the New York proceeding is not an indication that defendant disavowed the waiver.
The court should have at least directed the filing of a note of issue before proceeding to trial (see 22 NYCRR 202.21; see also CPLR 3402[a]; 22 NYCRR 202.16[i]). However, on these facts, a new trial on the issue of child support is not warranted (see Hughes v Farrey, 48 AD3d 385 [1st Dept 2008]). Plaintiff was not, as he claims, prejudiced by having to proceed to trial without further discovery. The parties had exchanged the financial documents relevant to the calculation of child support, the only issue at the financial trial. He had ample time to retain an expert on the issue of his earning potential if he wanted to do so.
We have considered plaintiff's remaining arguments regarding the award of child support and find them unavailing. In particular, we note that the court's rulings in this lengthy, contentious proceeding were fair and impartial, and were based in part on credibility determinations that have support in the record.
M-5523 - Zappan v Comfort
[*3] Motion to transfer proceedings to another Appellate Division pursuant to CPLR 5711 denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2017
CLERK