Matter of Grace v Amabile (2020 NY Slip Op 01502)





Matter of Grace v Amabile


2020 NY Slip Op 01502


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-11839
 (Docket Nos. F-2405-06/17F, F-2405-06/17G)

[*1]In the Matter of Michelle C. Grace, respondent,
v
John Amabile, Jr., appellant.


Abbe C. Shapiro, Mount Sinai, NY, for appellant.
Somer & Heller, LLP, Commack, NY (Jeffrey T. Heller of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated August 28, 2018. The order denied the father's objections to an order of the same court (John E. Raimondi, S.M.) dated June 25, 2018, which, after a hearing, granted the mother's violation petition and petition for an upward modification of the father's child support obligation, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $3,167.73, granted the mother's application for an award of counsel fees, and directed the entry of a money judgment in favor of the mother's attorney and against the father in the principal sum of $13,200.
ORDERED that the order dated August 28, 2018, is affirmed, without costs or disbursements.
The parties have one child together. In an order dated August 11, 2014, the Family Court directed the father to pay $425 per month in child support and 50 percent of the cost of, inter alia, the child's summer camp and school equipment and supplies. In 2017, the mother filed a violation petition and a petition for an upward modification of the father's child support obligation. After a hearing, the Support Magistrate granted the mother's petitions, found that the father was in willful violation of the prior order of support for failing to reimburse the mother for his share of the cost of summer camp and certain school equipment and supplies, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $3,167.73, granted the mother's application for an award of counsel fees, and directed the entry of a money judgment in favor of the mother's attorney and against the father in the principal sum of $13,200. The father filed objections to the Support Magistrate's order, and the Family Court denied the father's objections. The father appeals.
We agree with the Family Court's denial of the father's objections to so much of the Support Magistrate's order as granted the mother's petition for an upward modification of his child support obligation (see Matter of Bustamante v Donawa, 119 AD3d 559). "The level of child support is determined by the parents' ability to provide for their children rather than their current economic situation" (id. at 559-560 [internal quotation marks omitted). "A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (Matter of Rohme v Burns, 92 AD3d 946, 947). "The court may impute income to a party based on their employment history, future earning capacity, educational background, or money received from friends and relatives" (Matter of LoCasto v Chiofolo, 89 AD3d 847, 848). A support magistrate "is afforded considerable discretion in [*2]determining whether to impute income to a parent" (Matter of Julianska v Majewski, 78 AD3d 1182, 1183), and we accord great deference to credibility determinations of the support magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered (see id. at 1183; Matter of Musarra v Musarra, 28 AD3d 668). Here, the Support Magistrate's decision to impute $60,000 in income to the father and only $30,000 in income to the mother, which was based primarily on credibility determinations, is supported by the record, and should not be disturbed (see Matter of Gebaide v McGoldrick, 74 AD3d 966; Matter of Kennedy v Ventimiglia, 73 AD3d 1066).
We also agree with the Family Court's denial of the father's objections to the Support Magistrate's determination that he willfully violated the prior support order by failing to reimburse the mother for his share of the cost of summer camp and certain school equipment and supplies. The father's failure to pay support as ordered constituted prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Martin v Cooper, 96 AD3d 849, 851). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Bea v Winslow, 162 AD3d 763). The father failed to satisfy his burden (see Matter of Bea v Winslow, 162 AD3d at 764-765; Matter of Smith v Jeffers, 110 AD3d 904).
Since the Support Magistrate determined that the father's violation of the prior order of support was willful, the Family Court was required by Family Court Act § 438(b) to award counsel fees to the mother (see Matter of Yuen v Sindhwani, 137 AD3d 1155). A support magistrate may also award counsel fees at any stage of a proceeding to modify or enforce an order (see Family Ct Act § 438[a]). Under the circumstances of this case, the Support Magistrate's determination to award $13,200 in counsel fees to the mother was reasonable, and there is no basis to disturb the award (see Matter of Villanti v Grucci, 111 AD3d 842).
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court