Matter of Evans v Evans (2020 NY Slip Op 05206)





Matter of Evans v Evans


2020 NY Slip Op 05206


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-09088
 (Docket No. F-11844-18)

[*1]In the Matter of Yvonne Evans, respondent,
v
Lance Evans, appellant.


Barnes, Iaccarino & Shepherd, LLP, Elmsford, NY (Giacchino J. Russo of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated June 20, 2019. The order denied the father's objections to so much of an order of the same court (Michele Reed Bowman, S.M.) dated March 20, 2019, as, after a hearing and upon findings of fact dated March 20, 2019, inter alia, in effect, granted the mother's petition for child support and directed him to pay child support in the sum of $579 per week.
ORDERED that the order dated June 20, 2019, is affirmed, without costs or disbursements.
In October 2018, the mother commenced this proceeding against the father, seeking child support for their three children. After a hearing, in an order dated March 20, 2019, the Support Magistrate, inter alia, in effect, granted the mother's petition and directed the father to pay child support in the sum of $579 per week. The father filed objections to the Support Magistrate's order. In an order dated June 20, 2019, the Family Court denied the father's objections. The father appeals.
"'The level of child support is determined by the parents' ability to provide for their children rather than their current economic situation'" (Matter of Grace v Amabile, 181 AD3d 602, 603, quoting Matter of Bustamante v Donawa, 119 AD3d 559, 559-560). "'A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Matter of Grace v Amabile, 181 AD3d at 603, quoting Matter of Rohme v Burns, 92 AD3d 946, 947). "'The court may impute income to a party based on their employment history, future earning capacity, educational background, or money received from friends and relatives'" (Matter of Grace v Amabile, 181 AD3d at 603, 604, quoting Matter of LoCasto v Chiofolo, 89 AD3d 847, 848). "A support magistrate 'is afforded considerable discretion in determining whether to impute income to a parent,' and we accord great deference to credibility determinations of the support magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (Matter of Grace v Amabile, 181 AD3d at 604, quoting Matter of Julianska v Majewski, 78 AD3d 1182, 1183). "[I]f the statutory formula 'yields a result that is unjust or inappropriate,' the court 'can resort to the [Family Court Act § 413(1)(f)] factors and order payment of an amount that is just and appropriate'" (Alliger-Bograd v Bograd, 180 AD3d 975, 979, quoting Bast v Rossoff, 91 NY2d 723, 729; see Brady v Bounsing-Brady, 131 AD3d 1189, 1190-1191).
We agree with the Family Court's denial of the father's objections to the Support Magistrate's order. The Support Magistrate's determination to impute to the father his 2017 adjusted gross income, rather than rely on his 2018 adjusted gross income as reported, and the monthly contributions made to the father by his friend was based on credibility determinations and supported by the record, and thus should not be disturbed (see Matter of Grace v Amabile, 181 AD3d at 603; Klein v Klein, 178 AD3d 802, 803-804; Zappin v Comfort, 155 AD3d 497, 499; Volkerick v Volkerick, 153 AD3d 885, 886). Furthermore, the Support Magistrate's determination that the sum of $419 per week under the Child Support Standard Act (Family Ct Act § 413; hereinafter CSSA) guidelines was unjust and inappropriate in light of the needs of the household, the father's $350,000 personal injury settlement, the mother's debts and previous financial struggles, and the enhanced standard of living the children would have enjoyed had the household remained intact, was supported by the record and an adequate statement of the reasoning for deviating from the CSSA guidelines (see F.L. v J.M., 173 AD3d 428, 430; Turret v Turret, 147 AD3d 467, 468; Matter of Geller v Geller, 133 AD3d 599, 601; cf. Kashman v Kashman, 147 AD3d 1034, 1036).
The father's remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court