Cazar v Browder (2021 NY Slip Op 01025)





Cazar v Browder


2021 NY Slip Op 01025


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-14872
 (Index No. 50927/13)

[*1]Jacqueline Cazar, respondent, 
v
Scott T. Browder, appellant.


Kaminer Kouzi & Associates LLP, New York, NY (Maggie Kaminer of counsel), for appellant.
Jacqueline Cazar, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In a matrimonial action, the father appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated October 19, 2018. The order, insofar as appealed from, upon the father's motion, inter alia, to modify a prior judgment of child support dated October 6, 2015, directed the father to pay the sum of $1,099.24 per month in child support.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties, who are the parents of one child, were divorced by judgment of divorce dated January 19, 2016. The judgment of divorce incorporated but did not merge the parties' agreement, pursuant to which the parties shared joint legal custody of the child, with physical custody to the mother and certain parental access to the father. Prior to the issuance of the judgment of divorce, the Supreme Court issued a judgment of child support dated October 6, 2015, inter alia, directing the father to pay child support in the sum of $901.47 per month. In 2017, the father moved, among other things, to modify the parties' agreement to provide for an equal "5-5-2-2 [parental access] schedule," and to thereupon modify his child support obligation. The mother opposed the motion and cross-moved for certain relief. In an order dated October 19, 2018, the court, inter alia, granted that branch of the father's motion which was to modify the parties' agreement so as to provide for an equal "5-5-2-2 [parental access] schedule," and thereupon directed the father to pay the sum of $1,099.24 per month in child support. The father appeals.
Where, as here, the parties share equal parental access, "the parent with the higher income, who bears the greater share of the child support obligation, should be deemed the noncustodial parent for the purposes of child support" (Matter of Conway v Gartmond, 144 AD3d 795, 796; see Bast v Rossoff, 91 NY2d 723, 728; Matter of Mitchell v Mitchell, 134 AD3d 1213). The Child Support Standards Act "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Freeman v Freeman, 71 AD3d 1143, 1144; see Domestic Relations Law § 240[1-b][c]; Holterman v Holterman, 3 NY3d 1, 11). Pursuant to this formula, the court must first determine the combined parental income, multiply the combined parental income up to the statutory "cap" by the appropriate child support percentage, and then prorate that amount "in the same proportion as each parent's income is to the combined parental [*2]income" (Domestic Relations Law § 240[1-b][c][2]).
Contrary to the father's contention, the Supreme Court did not improvidently exercise its discretion in calculating the parties' respective incomes for child support purposes, or in finding that the father is the noncustodial parent based upon those calculations. For purposes of calculating child support, the Child Support Standards Act provides, inter alia, that "[i]ncome shall mean, but shall not be limited to," income reported on the most recent federal tax return (Domestic Relations Law § 240[1-b][b][5]). Further, a court has broad discretion to impute income when determining the amount of child support, and is not bound by the parties' representations of their finances (see Nerayoff v Rokhsar, 168 AD3d 1071, 1077; Steinberg v Steinberg, 59 AD3d 702, 705). "The court may impute income based on the parent's employment history, future earning capacity, educational background, or money received from friends and relatives" (Ramdas v Ramdas, 176 AD3d 988, 988-989; see Pilkington v Pilkington, 185 AD3d 844). Here, the court did not improvidently exercise its discretion in effectively imputing certain income to the parties (see Matter of Evans v Evans, 186 AD3d 1684; Matter of Grace v Amabile, 181 AD3d 602, 603).
The parties' remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court