Matter of Sacchetti v Sacchetti (2021 NY Slip Op 01418)





Matter of Sacchetti v Sacchetti


2021 NY Slip Op 01418


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-01603
 (Docket No. F-11758-18/18C)

[*1]In the Matter of Vito Sacchetti, appellant,
v
Ann Sacchetti, respondent.


Fredman, Baken & Novenstern, LLP, Mt. Kisco, NY (R. Christopher Owen of counsel), for appellant.
Ann Sacchetti, Mamaroneck, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered January 14, 2020. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Rosa Cabinallas-Thompson, S.M.) dated September 24, 2019, as, after a hearing, denied the father's petition for a downward modification of his child support obligation.
ORDERED that the order entered January 14, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced in 2013, and they entered into a stipulation of settlement that was incorporated but not merged into the judgment of divorce. The stipulation provided, inter alia, that the parties were to consult with one another regarding their children's enrollment in high school prior to the incurment of any fees, and that the parties would pay their pro rata share of the children's high school tuition based on their respective incomes at the time of enrollment. The stipulation also provided that the mother's income was $0 and that the father was responsible for 100% of the children's support.
In 2018, the father filed a petition seeking a downward modification of his child support obligation, alleging that income should be imputed to the mother based on her education, work experience, wealth, and gifts from her family. After a hearing, the Support Magistrate, among other things, denied the father's petition, and the father filed objections to the Support Magistrate's order. The Family Court denied the father's objections. The father appeals.
"A party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Oelsner v Heppler, 181 AD3d 916, 917). "In determining a child support obligation, a court need not rely on a party's own account of his or her finances, but may, in the exercise of its considerable discretion, impute income to a party based upon his or her employment history, future earning capacity, and educational background, and what he or she is capable of earning, based upon prevailing market conditions and prevailing salaries paid to individuals with the party's credentials in his or her chosen field" (Dougherty v Dougherty, 131 AD3d 916, 917 [citations and internal [*2]quotation marks omitted]; see Sanders v Sanders, 150 AD3d 784, 786). A court may also impute income based on "money received from friends and relatives" (Matter of Bouie v Joseph, 91 AD3d 641, 642).
Contrary to the father's contention, the Support Magistrate providently exercised her discretion in declining to impute income to the mother, as there is no evidence in the record demonstrating how much income the mother could earn based on her education and limited work experience if she did return to work, that her investments were capable of generating income or how much income they generated, or that she regularly received any income in the form of gifts from her family (see Murphy v Murphy, 166 AD3d 987, 989-990; Sanders v Sanders, 150 AD3d at 786; Morille-Hinds v Hinds, 87 AD3d 526, 528; cf. Lago v Adrion, 93 AD3d 697, 698-699). The Support Magistrate also properly determined that the mother did not fail to consult the father regarding the enrollment of the children in high school in violation of the stipulation of settlement. The Support Magistrate's decision to credit the mother's testimony that she was in constant discussion with the father regarding the children's applications and enrollment is entitled to great deference and will not be disturbed (see e.g. Matter of Evans v Evans, 186 AD3d 1684, 1684). In any event, the record demonstrates that the father acquiesced to the children's enrollment, as he did not object and paid the tuition (see Matter of Yuen v Sindhwani, 137 AD3d 1155, 1155-1156). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
The father's remaining contention is without merit.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court