Koutsouras v Mitsos-Koutsouras (2021 NY Slip Op 05328)





Koutsouras v Mitsos-Koutsouras


2021 NY Slip Op 05328


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2019-05550
 (Index No. 13820/15)

[*1]Demetrios Koutsouras, respondent, 
v
Kristy Mitsos-Koutsouras, appellant.


McGuire Condon & Mangan, P.C., Huntington, NY (Karen D. McGuire of counsel), for appellant.
Karen G. Silverman, P.C., Commack, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Suffolk County (James F. Quinn, J.), dated March 12, 2019. The judgment directed the plaintiff to pay the defendant the sum of only $343.56 per week in child support, retroactive to October 6, 2016, and awarded the plaintiff counsel fees in the sum of $15,000.
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith; and it is further,
ORDERED that, in the interim, the plaintiff shall continue to pay child support in the sum of $343.56 per week.
The parties were married in 2009, and are the parents of two children born in 2013. In 2015, the plaintiff commenced this action for a divorce and ancillary relief. All issues except child support and counsel fees were resolved by a stipulation of settlement dated June 21, 2018, in which the parties agreed that the Supreme Court would determine retroactive and prospective child support based upon their submissions. In a judgment dated March 12, 2019, the court directed the plaintiff to pay the defendant the sum of $343.56 per week in child support, retroactive to October 6, 2016, and awarded the plaintiff counsel fees in the sum of $15,000. The defendant appeals.
The Child Support Standards Act (hereinafter CSSA) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to the statutory cap that is in effect at the time of the judgment" (Matter of Fanelli v Orticelli, 178 AD3d 700, 701, citing Domestic Relations Law § 240[1-b]). "In determining parental income under the CSSA, the court must begin with the parent's 'gross (total) income as should have been or should be reported in the most recent federal income tax return'" (Sinnott v Sinnott, 194 AD3d 868, 873, quoting Domestic Relations Law § 240[1-b][b][5][i]). The statute does not permit the court to determine a party's income for child support purposes by averaging a party's earnings over several years (see Healy v Healy, 51 AD3d 551, 552; Wallach v Wallach, 37 AD3d 707, 708).
A calculation of "the basic child support obligation for the children, . . . is done by (1) determining the combined parental income and (2) multiplying the amount of combined parental income up to the statutory cap by the appropriate child support percentage" (Park v Park, 193 AD3d 1065, 1067; see Domestic Relations Law § 240[1-b][c]). "[A] court has broad discretion to impute income when determining the amount of child support, and is not bound by the parties' representations of their finances" (Cazar v Browder, 191 AD3d 837, 838; see Ramdas v Ramdas, 176 AD3d 988, 988-989; Nerayoff v Rokhsar, 168 AD3d 1071, 1077). The court may impute income to a party "based on the [party's] employment history, future earning capacity, educational background" (Cazar v Browder, 191 AD3d at 838 [internal quotation marks omitted]), "resources available to the party, including 'money, goods, or services provided by relatives and friends'" (Matter of Fanelli v Orticelli, 178 AD3d at 702, quoting Family Ct Act § 413[1][b][5][iv][D]), or "when it is shown that the marital lifestyle was such that, under the circumstances, there [is] a basis for the court to conclude that the [party's] actual income and financial resources were greater than what he or she reported on his or her tax return[ ]" (Weitzner v Weitzner, 120 AD3d 1406, 1407).
Here, the Supreme Court improperly determined the parties' income by averaging their reported earnings over the preceding four years (see Wallach v Wallach, 37 AD3d at 708). Furthermore, under the circumstances of this case, where the plaintiff is employed by his family and his tax returns show substantial downward fluctuations in income, the court should have conducted an analysis as to whether to impute income to the plaintiff.
Further, the Supreme Court improvidently exercised its discretion in awarding the plaintiff counsel fees in the sum of $15,000. "Domestic Relations Law § 237(a) provides that '[t]here shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse'" (Sufia v Khalique, 189 AD3d 1499, 1502). "'An award of counsel fees pursuant to Domestic Relations Law § 237(a) is entrusted to the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Marino v Marino, 183 AD3d 813, 820, quoting Lugo v Torres, 174 AD3d 594, 594-595). "'In determining whether to award counsel fees, the court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions'" (Marino v Marino, 183 AD3d at 820, quoting Lugo v Torres, 174 AD3d at 595). Here, the plaintiff retained four different law firms during the pendency of this action, and used loans from his family to pay his counsel fees. In addition, fault exists on both sides for the extent of the litigation involved here. Thus, no counsel fees should have been awarded to either party to date.
Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing to determine the parties' income for the purpose of calculating the plaintiff's child support obligation, a recalculation of that obligation, and the entry of an appropriate amended judgment thereafter.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court