Matter of Aslam v Younas (2021 NY Slip Op 05555)





Matter of Aslam v Younas


2021 NY Slip Op 05555


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-09362
 (Docket No. F-12913-14)

[*1]In the Matter of Kanwal S. Aslam, respondent,
v
Amar Younas, appellant.


Amar Younas, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Linda Capitti, J.), dated June 13, 2019. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Nicholas J. Palos, S.M.) dated April 18, 2019, as, after a hearing, and upon findings of fact dated March 29, 2019, in effect, granted the mother's petition for child support and directed the father to pay the sum of $553 bi-weekly in basic child support and the sum of $70,231 in retroactive child support.
ORDERED that the order dated June 13, 2019, is affirmed insofar as appealed from, without costs or disbursements.
Kanwal S. Aslam (hereinafter the mother) and Amar Younas (hereinafter the father) were married in 2003 and have three children together. In 2014, the mother filed a petition for child support from the father. A hearing on this petition began in 2016 and concluded in 2018. At the hearing, testimony was elicited that the father had obtained a Bachelor's of Science degree in information technology and a Master's of Business Administration degree in Pakistan before he came to the United States in 2008. The father testified that after the instant proceeding was commenced, he lived outside the United States for approximately one year to care for his sick father, and that when he returned to the United States, he was unable to find any work other than as a handyman earning approximately $200 per week. As of the end of the hearing in October 2018, the father had a job with the Metropolitan Transportation Authority, for which he earned approximately $55,000 per year.
After the hearing, the Support Magistrate found that the father was "willfully unemployed" during the time he claimed an inability to find work, and that the father's child support obligation should be calculated based upon his earnings as of the completion of the hearing in 2018. In an order dated April 18, 2019, the Support Magistrate, in effect, granted the mother's petition and directed the father to pay the mother the sum of $553 bi-weekly in basic child support and the sum of $70,231 in retroactive child support (hereinafter the support order). Thereafter, the father filed objections to the support order. In an order dated June 13, 2019, the Family Court, inter alia, denied the father's objections. The father appeals.
"In support proceedings, the Support Magistrate is required to begin the support calculation with the parent's gross income 'as should have been or should be reported in the most recent federal income tax return'" (Matter of Fleming v McCloskey, 173 AD3d 865, 867, quoting Family Ct Act § 413[1][b][5][i]). "However, [t]he level of child support is determined by the [*2]parents' ability to provide for their children" (Matter of Feliciano v Elghouayel, 164 AD3d 1238, 1239 [internal quotation marks omitted]). "In assessing this ability, the support magistrate is afforded considerable discretion in determining whether to impute income to a parent based upon the parent's past income or demonstrated future potential earnings, rather than relying on the parent's account of his or her finances" (id. at 1239; see Matter of Evans v Evans, 186 AD3d 1684, 1684). The Support Magistrate "may also consider income for the tax year not yet completed" in determining a party's income (Matter of Lynn v Kroenung, 97 AD3d 822, 822). "Where the party's testimony regarding his or her finances is not credible, the [Support Magistrate] is justified in finding a true or potential income higher than that claimed" (Matter of Monti v DiBedendetto, 151 AD3d 864, 866 [internal quotation marks omitted]).
Here, the Support Magistrate providently exercised his discretion in calculating the father's child support obligation based upon the father's income as of the completion of the hearing (see Elizabeth B. v Scott B., 189 AD3d 1833, 1837; Levi v Levi, 186 AD3d 1628, 1629-1630). The Support Magistrate's determination to consider the father's income as of the completion of the hearing, rather than his claimed prior earnings, was based on credibility determinations and supported by the record, and thus, should not be disturbed (see Matter of Evans v Evans, 186 AD3d at 1685; Matter of Grace v Amabile, 181 AD3d 602, 604).
Furthermore, the father's contention that there was a change in circumstances warranting a downward modification of his child support obligation is without merit, since this proceeding was for an initial child support order, rather than to modify an existing support order.
The father's remaining contentions are without merit.
Accordingly, the Family Court correctly denied the father's objections to the support order.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court