Matter of Ho v Tsesmetzis (2021 NY Slip Op 05968)





Matter of Ho v Tsesmetzis


2021 NY Slip Op 05968


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2021-01631
 (Docket No. U-1050-19)

[*1]In the Matter of Jennifer Linh Ho, respondent,
v
Harry Tsesmetzis, appellant.


Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge and A. Albert Buonamici of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the father appeals from an order of the Family Court, Putnam County (Anthony R. Molé, J.), dated February 8, 2021. The order denied the father's objections to so much of an order of the same court (Jeanne M. Patsalos, S.M.) dated February 13, 2020, as, after a hearing, upon, in effect, granting the mother's petition for an award of child support, directed the father to pay basic child support in the sum of $381 per week, child support arrears in the sum of $5,334, and 78% of unreimbursed health-related expenses.
ORDERED that the order dated February 8, 2021, is reversed, on the law, with costs, the father's objections are granted, so much of the order dated February 13, 2020, as directed the father to pay basic child support in the sum of $381 per week, child support arrears in the sum of $5,334, and 78% of unreimbursed health-related expenses is vacated, and the matter is remitted to the Family Court, Putnam County, for a new hearing with respect to the father's child support obligation and a new determination thereafter.
The parties have one child together. In November 2019, the mother filed a child support petition pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B). After a hearing, the Support Magistrate imputed income to the father from a subchapter S corporation of which he was the sole shareholder. By order dated February 13, 2020, the Support Magistrate, inter alia, in effect, granted the mother's petition, and directed the father to pay basic child support in the sum of $381 per week and a 78% pro rata share of unreimbursed health-related expenses. Based upon its determination of the father's basic child support obligation, the Support Magistrate also awarded the mother arrears in the sum of $5,334, retroactive to the date of filing of the support petition. By order dated February 8, 2021, the Family Court denied the father's objections to so much of the Support Magistrate's order as determined the amount of his basic child support obligation and pro rata share of unreimbursed health-related expenses and awarded arrears to the mother. The father appeals.
In determining a child support obligation, a court need not rely on a party's own account of his or her finances (see Matter of Sacchetti v Sacchetti, 192 AD3d 810, 811; Matter of Evans v Evans, 186 AD3d 1684, 1684). Rather, "in the exercise of its considerable discretion," the court may impute income to a party based on the party's past income or demonstrated future potential earnings (Matter of Sacchetti v Sacchetti, 192 AD3d at 811; see Matter of Evans v Evans, [*2]186 AD3d at 1684). "However, the court must provide a clear record of the source of the imputed income, the reasons for such imputation, and the resultant calculations" (Pilkington v Pilkington, 185 AD3d 844, 846). A determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion (see Marino v Marino, 183 AD3d 813, 817-818; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083).
Here, the Support Magistrate properly determined that additional income should be imputed to the father as the sole shareholder of the subchapter S corporation (see Matter of Peddycoart v MacKay, 145 AD3d at 1083; Matter of Grosso v Grosso, 90 AD3d 1672, 1673). However, the amount imputed was not supported by the record, as the Support Magistrate improperly utilized the gross receipts of the corporation to calculate the additional income to impute to the father, without accounting for the corporation's returns and allowances or the cost of goods sold. The Support Magistrate should have used the corporation's gross profits for its calculation of additional income to be imputed (see Matter of Peddycoart v MacKay, 145 AD3d at 1083; Matter of Barber v Cahill, 240 AD2d 887, 888-889, 889 n 2).
Accordingly, we remit the matter to the Family Court, Putnam County, for a new hearing with respect to the father's child support obligation and a new determination thereafter.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court