Matter of Capone v Westbrook (2023 NY Slip Op 01672)

Matter of Capone v Westbrook

2023 NY Slip Op 01672

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-09598
 (Docket No. F-19774-18)

[*1]In the Matter of Andrea Capone, appellant,
v
Jonathon Westbrook, respondent.

Andrea Grande-Capone, suing herein as Andrea Capone, Brooklyn, NY, appellant pro se.
Jonathon Westbrook, Jersey City, New Jersey, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Susan Quirk, J.), dated December 1, 2021. The order denied the mother's objections to stated portions of an order of the same court (Gabriella F. Richman, S.M.) dated October 13, 2021, which, after a hearing, and upon its findings of facts dated October 12, 2021, inter alia, imputed an annual income to the father in the sum of only $114,064.56 for the purpose of calculating his child support obligation and declined to direct the father to reimburse the mother for certain child care expenses.
ORDERED that the order dated December 1, 2021, is affirmed, without costs or disbursements.
The parties have one child together. In August 2018, the mother commenced this proceeding pursuant to Family Court Act article 4 for child support from the father. In an order dated October 13, 2021, after a hearing, and upon findings of fact dated October 12, 2021, a Support Magistrate directed the father to make semi-monthly payments of $700 in basic child support and to pay arrears in the sum of $53,898.20. These directives were based upon the Support Magistrate's calculation that the father's gross earnings for the 2020 tax year totaled $114,064.56. In addition, the Support Magistrate rejected the mother's contention that the father should be directed to reimburse her for certain child care expenses she had allegedly incurred. Thereafter, the mother filed objections to the Support Magistrate's order. In an order dated December 1, 2021, the Family Court denied the mother's objections. The mother appeals.
The Child Support Standards Act (hereinafter CSSA) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Spinner v Spinner, 188 AD3d 748, 751 [internal quotation marks omitted]; see Domestic Relations Law § 240; Family Ct Act § 413; Holterman v Holterman, 3 NY3d 1, 10-11). Income "'shall mean, but shall not be limited to,' income reported on the most recent federal tax return" (Cazar v Browder, 191 AD3d 837, 838, quoting Domestic Relations Law § 240[1-b][b][5]).
Here, the Support Magistrate properly calculated the father's income based on, among other things, his 2020 W-2 forms, which were admitted into evidence at the hearing. Contrary to the mother's contention, the Support Magistrate was not required to rely exclusively on the father's testimony that some of his pay statements admitted into evidence were "representative of" his annual [*2]salary, while ignoring other evidence of his income to the contrary (see Koutsouras v Mitsos-Koutsouras, 198 AD3d 630, 631; Cazar v Browder, 191 AD3d at 838).
The CSSA also provides that "[w]here the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413[1][c][4]; see Domestic Relations Law § 240[1-b][c][4]; Matter of Quashie v Wint, 148 AD3d 905, 906; Matter of Pittman v Williams, 127 AD3d 755, 757). A similar apportionment of child care expenses is authorized where the custodial parent "is seeking work and incurs child care expenses as a result thereof" (Family Ct Act § 413[1][c][6]; see Domestic Relations Law § 240[1-b][c][6]).
Here, the Support Magistrate properly concluded that it would not be appropriate to direct the father to reimburse the mother for certain child care expenses she had allegedly incurred in 2018 and 2019, because it could not be determined, based on the evidence submitted by the mother, whether she was either working or seeking work during the relevant time periods. While testifying at the hearing, the mother admitted that she had "not provided [at the hearing] the specific hours that [she] worked, which correlate with the specific times that [she] claim[ed] [she] had childcare." Contrary to the mother's further contention, the Support Magistrate did not preclude the mother from introducing evidence of the dates and times she was allegedly working or seeking work.
The mother's remaining contention is not properly before this Court, as it was not raised in her objections to the Support Magistrate's order (see Matter of Glaudin v Glaudin, _____ AD3d _____, _____, 2023 NY Slip Op 00662, *2 [2d Dept]; Matter of Pierre v Hernandez, 181 AD3d 607, 608; Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 947).
Accordingly, we affirm the order denying the mother's objections.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court