Surage v Surage (2024 NY Slip Op 00923)

Surage v Surage

2024 NY Slip Op 00923

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-05076
 (Index No. 200921/18)

[*1]Jennifer M. Surage, respondent, 
v
Mohenda R. Surage, appellant.

Aiello & DiFalco LLP, Garden City, NY (Michael DiFalco of counsel), for appellant.
The Law Office of Glass & Rau, P.C., Babylon, NY (Kelly Rau of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered January 30, 2020. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated October 25, 2019, made after a nonjury trial, directed the plaintiff to pay child support in the sum of only $150 per month.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in January 2014. The defendant had a child from a prior relationship, whom the plaintiff adopted in December 2015.
In April 2018, the plaintiff commenced this action for a divorce and ancillary relief. On March 18, 2019, the parties entered into a stipulation of settlement, resolving issues of child custody and parental access. After a nonjury trial, in a decision dated October 25, 2019, the Supreme Court determined that the plaintiff would pay the defendant the sum of $150 per month in child support, deviating downward from the presumptive amount under the Child Support Standards Act (hereinafter the CSSA). The court determined that it would be unjust and inappropriate to direct the plaintiff to pay the presumptive amount where the parties shared equal physical custody of the child, their incomes were relatively similar, the child was covered under the plaintiff's medical insurance, the child's medical condition allowed for government benefits, the parties were only married for four years and three months, and the plaintiff adopted the defendant's biological child. On January 30, 2020, a judgment of divorce was entered upon the decision. The defendant appeals.
The defendant contends that the Supreme Court erred in determining the amount of the plaintiff's child support obligation based on the CSSA guidelines because the parties have shared custody of the child, and the plaintiff's gross income and overtime earnings exceed the defendant's income. "The [CSSA] (Domestic Relations Law § 240[1-b]) 'sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling' known as the statutory cap, which in this case was $148,000" (Moradi v Buhl, 201 AD3d 928, 928-929, quoting Matter of [*2]Freeman v Freeman, 71 AD3d 1143, 1144; see Domestic Relations Law § 240[1-b][c]). "Where the combined parental income exceeds the statutory cap, the court, in fixing the basic child support obligation on income over the statutory cap, has the discretion to apply the factors set forth in Domestic Relations Law § 240(1-b)(f), or to apply the statutory percentages, or to apply both" (Moradi v Buhl, 201 AD3d at 929; see Domestic Relations Law § 240[1-b][c][3]). "[I]f the statutory formula yields a result that is unjust or inappropriate, the court can resort to the 'paragraph (f)' factors and order payment of an amount that is just and appropriate" (Alliger-Bograd v Bograd, 180 AD3d 975, 979 [internal quotation marks omitted]).
The Supreme Court providently exercised its discretion in calculating the parties' respective incomes for child support purposes, determining not to consider combined parental income above the statutory cap or to award any child support based on that income, and deviating downward from the presumptive amount under the CSSA (see Cazar v Browder, 191 AD3d 837, 838; Matter of Evans v Evans, 186 AD3d 1684, 1685; Alliger-Bograd v Bograd, 180 AD3d at 979-980). Although the plaintiff's gross income was higher than the defendant's gross income, the record does not establish that the difference between the parties' gross incomes warrants applying the statutory percentages to the parties' combined income in excess of the statutory cap (see Matter of Monaco v Monaco, 214 AD3d 659, 663).
Accordingly, the Supreme Court properly calculated child support based on the combined parental income up to the statutory cap and directed the plaintiff to pay the sum of $150 per month in child support (see id. at 663).
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court