Matter of Abizadeh v Petrushka (2024 NY Slip Op 01006)

Matter of Abizadeh v Petrushka

2024 NY Slip Op 01006

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-06547
 (Docket No. F-1320-18/23I)

[*1]In the Matter of Ramin Abizadeh, appellant, 
v
Galit Petrushka, etc., respondent.

Ramin Abizadeh, Rosyln Heights, NY, appellant pro se.
Jeffrey M. Rosenblum, P.C., Great Neck, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated July 14, 2023. The order denied the father's objections to an order of the same court (Adam E. Small, S.M.) dated May 15, 2023, which dismissed his petition alleging that the mother violated prior orders of support.
ORDERED the order dated July 14, 2023, is affirmed, without costs or disbursements.
The parties are the divorced parents of three children. In March 2023, the father filed a petition alleging that the mother violated an order dated January 13, 2023, directing her to make monthly payments of $400 for the college expenses of their youngest child (hereinafter the child), and an order dated January 31, 2023, requiring her to make one basic child support payment of $1,455 for the child. In an order dated May 15, 2023, the Support Magistrate dismissed the father's petition. The father filed objections to the Support Magistrate's order, and in an order dated July 14, 2023, the Family Court denied the objections. The father appeals.
Family Court Act § 441 provides that "[i]f the allegations of a petition under this article are not established by competent proof, the court shall dismiss the petition." "'Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses'" (Matter of Cywiak v Packman, 214 AD3d 652, 654, quoting Matter of Hanrahand v Hanrahand, 202 AD3d 679, 680; see Matter of Santman v Schonfeldt, 209 AD3d 742, 743). Here, records from the Nassau County Office of Child Support Enforcement established that there was no outstanding balance on the January 31, 2023 order and that the mother was making $400 monthly payments pursuant to the January 13, 2023 order. Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order dismissing the father's petition.
The father's remaining contention is not properly before this Court, as it was not raised in his objections to the Support Magistrate's order (see Matter of Capone v Westbrook, 214 AD3d 975, 977).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court